UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA        )
                                )
v.                              )        No. 2:16-CR-00104-2-JRG
                                )
ERIC SINKS                      )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Eric Sinks' Motion for Compassionate Release Based on Extraordinary and Compelling Circumstances [Doc. 267] and the United States' Response in Opposition [Doc. 270]. Acting pro se, Mr. Sinks, who is forty-two years of age, moves the Court to order his compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic, citing various underlying medical conditions that include heart disease, hypertension, and obesity. [Def.'s Mot. at 3]. The United States opposes Mr. Sinks' motion, contending, among other things, that compassionate release is inappropriate because FCI Allenwood Low, the facility where Mr. Sinks is serving his sentence, is not experiencing an outbreak of COVID-19 and that his release would be inconsistent with 18 U.S.C. § 3553(a)'s factors. [United States' Resp. at 1, 10, 11].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his

administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request

to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that "[t]he Court has authority to consider" Mr.

Sinks' motion "because Sinks submitted a request for compassionate release to the Bureau of

Prisons more than 30 days ago." [United States' Resp. at 1].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and

compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission" and "the factors set forth

in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A)(i). "[C]ourts have

universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling

reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085,

2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). The Application Notes

to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and

compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or

(2) "substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she is not expected to recover."

USSG § 1B1.13 n.1(A)(i)–(ii).

In considering whether Mr. Sinks' underlying conditions, against the backdrop of the

COVID-19 pandemic, "substantially diminish[] [his] ability" to "provide self-care within" the

prison's walls and leave him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at \*4–5 (E.D. Mich. May 21, 2020), *vacated on other grounds*, ___ F. App'x ___, 2020 WL 3867393 (6th Cir. 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at \*4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC's guidelines, "[p]eople of any age with the following conditions *are at increased risk* of severe illness from COVID-19":

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

*Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Sept. 11, 2020). The United States acknowledges that Mr. Sinks' body mass index is greater than 30.0, and it therefore "agrees that Sinks has shown an extraordinary and compelling reason within the meaning of U.S.S.G. § 1B1.13[.]" [United States' Resp. at 9].

But the fact that Mr. Sinks is an at-risk individual under the CDC's guidelines does not, in and of itself, entitle him to compassionate release. Before ordering compassionate release, the

3

Court also has to determine that (1) he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," (2) a reduced sentence is consistent with §3553(a)'s factors, to the extent they are applicable, and (3) a reduced sentence is otherwise consistent with USSG § 1B1.13's policy statements. USSG § 1B1.13(2)–(3); *see* § 3582(c)(1)(A) (providing that "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "the factors set forth in section 3553(a) to the extent that they are applicable"); *United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 32(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

A prisoner's compassionate release is an extraordinary and rare occurrence, *see United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (observing that "[c]ompassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)), and the general threat of COVID-19—that is, the fear that it may infiltrate a prison's population—cannot justify it, *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *United States v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence

4

due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

COVID-19 has not affected FCI Allenwood Low to the same degree as other federal facilities throughout the country. The Federal Bureau of Prisons ("BOP"), in fact, reports zero active cases among the prison population and staff at FCI Allenwood Low. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Sept. 13, 2020). Under these circumstances, Mr. Sinks is not entitled to compassionate release. *Cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here . . . there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility."); *United States v. Elebesunu*, No. GJH-13-008, 2020 WL 3791978, at *2 (D. Md. July 7, 2020) ("Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to [the defendant] is diminished and weighs against granting compassionate release." (citation omitted)); *United States v. Arafat*, No. 12-cr-45, 2020 WL 3790727, at *6 (D. Minn. July 7, 2020) ("[E]ven assuming [the defendant's] underlying medical conditions exist, [he] has failed to demonstrate a particularized risk of contracting the disease. To date, FCI-Sandstone has only one reported case of COVID-19." (citation omitted)); *United States v. Johnson*, No. 2:19-CR00-81-TOR, 2020 WL 2114357, at *2 (E.D. Wash. May 4, 2020) ("[W]here is Defendant safer from the threat—in a facility with no known cases, or in public with thousands of confirmed cases? Fear of the virus does not warrant immediate release.").

Besides, the Court can modify a sentence only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," and Mr. Sinks fails to establish that § 3553(a)'s factors warrant his release. § 3582(c)(1)(A); *see United States v. Allen*, 956 F.3d

5

355, 357 (6th Cir. 2020) ("The First Step Act does not prohibit courts from considering the factors outlined in § 3553(a)[.]"). These factors include the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; the "need for the sentence imposed" to "reflect the seriousness of the offense," to "promote respect for the law," and "to provide just punishment for the offense"; the "sentencing range established" for the defendant's offense; and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1)–(2), (4), (6). Mr. Sinks' criminal offense—a conspiracy to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, [J., Doc. 227, at 2]—is unquestionably serious in nature, *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave"); *see* [J. at 2 (sentencing Mr. Sinks to 190 months' imprisonment)].

To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, "courts have generally granted compassionate release only to defendants who have served a significant portion of their sentences." *United States v. Kincaid*, No. 3:10-CR-00160-1-TAV-HBG, at 13 (E.D. Tenn. Oct. 29, 2019) (citations omitted) (PACER), *aff'd*, 802 F. App'x 187 (6th Cir. 2020). By the Court's tally, Mr. Sinks has served less than one fifth of his 190-month sentence. *See* [J. at 2]. Under § 3553(a)(2)(A), the fact that he has served only a fraction of his sentence does not work in favor of his release. *See Kincaid*, 802 F. App'x at 188 (recognizing that "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate," and based partly on these specific factors, affirming this Court's denial of the defendant's motion for

6

compassionate release); *United States v. Garmany*, No. 3:18-CR-89-PLR-DCP-2, 2020 WL 4923956, at \*3 (E.D. Tenn. Aug. 21, 2020) ("Defendant has served approximately 16 months of her 60 months sentence. Granting compassionate release to a defendant who has served such a small portion of her sentence would fail to reflect the seriousness of her offense, promote respect for the law, and provide just punishment for the offense." (citing § 3553(a)(2)(A))). If the Court were to grant Mr. Sinks' request for compassionate release even though he has served only a portion of his 190-month sentence, it would risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).

In sum, the Court sympathizes with Mr. Sinks' concerns, but he is not entitled to compassionate release under § 3582(c)(1)(A). His Motion for Compassionate Release Based on Extraordinary and Compelling Circumstances [Doc. 267] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
